# EXHIBIT 1

# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
11/15/2021 7:44:37 PM
Filing ID 13613031

1  **BIHN & McDANIEL, P.L.C.**
2600 N. Central Ave, Suite 1775
2  Phoenix, Arizona 85004
(602) 248 9779
3  Martin A. Bihn (014338)
mbihn@phxlegal.com
4  Donna M. McDaniel (017366)
donna@phxlegal.com
5
*Attorneys for Plaintiffs*
6

7

8

### ARIZONA SUPERIOR COURT
### IN AND FOR MARICOPA COUNTY

9

10  | Mark Hasz and Shaun Holland | Case No. CV-   CV2021-017661 |
| | |
| Plaintiffs, | **COMPLAINT** |
| | |
| v. | **TIER 3** |
| | |
| State of Arizona, a body politic and James Kimble; | |
| | |
| Defendants. | |

11

12

13

14

15

16  Plaintiffs, for their complaint against defendants allege as follows:

17  1.    This case is about two high ranking Corrections Officers who were wrongfully

terminated for 'blowing the whistle' on egregious misconduct in the Arizona Department of

18  Corrections, Rehabilitation and Reentry ("ADCRR"). Mark Hasz was a Lieutenant and Shaun

19  Holland was an Associate Deputy Warden with ADCRR. Hasz reported that ADCRR was

20  forbidding its correctional officers from wearing PPE masks in the prisons where COVID was

21  rampant. Holland reported that ADCRR was not properly repairing the broken cell door locks

22

in the Lewis prison; even after ADCRR's director had been fired for failing to take action to repair those same cell door locks. ADCRR transferred Hasz and Holland to the same unit and then fired them a few months later on a pretext.   These two officers seek reinstatement and back wages.

2.     Plaintiff Mark Hasz is a resident of Maricopa County, Arizona.

3.     Plaintiff Shaun Holland is a resident of Maricopa County, Arizona.

4.     Defendant State of Arizona is a body politic.

5.     Defendant James Kimble is, upon information and belief, a resident of Maricopa County, Arizona.

6.     Defendant State of Arizona employs defendant Kimble and is responsible under *respondeat superior* for his conduct within the course and scope of his employment.

7.     Defendants have caused events to occur in Maricopa County out of which this matter arises.   This is a Tier 3 case.

8.     Jurisdiction and venue are proper with the Arizona Superior Court in Maricopa County, Arizona.

9.     Both Hasz and Holland timely submitted Notice of Claim Letters pursuant to A.R.S. s 12-821.01.

**FACTUAL BACKGROUND**

10.     In May 2019, Holland was working as an Associate Deputy Warden at ADCRR's Lewis prison when the scandal over broken cell door locks erupted in public eye.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9779

2

11.     The local media aired numerous internal ADCRR videos of inmates defeating their cell door locks, opening their own cell doors and exiting their cells to fight with correctional officers and other inmates.

12.     ADCRR had known about the broken locks and the methods inmates used to defeat the locks for years and took no action to repair the locks.

13.     Once the matter became public Governor Ducey tasked two retired Supreme Court Justices to investigate and report on ADC's broken cell door locks.

14.     After the Justices' report was made public, ADC's Director, Charles Ryan, resigned.

15.     Governor Ducey publicly promised that the prison cell doors would be quickly repaired.

16.     In November 2019, Holland discovered that instead of identifying and repairing the broken doors, Lewis prison administration was allowing repair orders to be closed out without completing the repairs.

17.     Holland raised his concerns all the way through his chain of command at Lewis prison, including defendant Kimble who was the Warden of Lewis Prison. Holland reported his concerns to ADC's Central Office and even to Shinn, the newly appointed ADC Director.

18.     No one in the chain of command or Central Office responded to Holland.

19.     Director Shinn, who claims to have an "open door policy" also refused to respond to Holland.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9775

20.     Weeks later, on December 2, 2019, Holland sent a whistleblowing disclosure letter to Governor Ducey outlining his concerns. (A true and correct copy of that letter is attached as Exhibit 1).

21.     Holland received no response to his whistleblowing disclosure letter.

22.     Not only did Holland send his report to Governor Ducey but he exposed the issue to the public at a press conference. (See https://www.abc15.com/news/local-news/investigations/state-reacts-as-prison-whistleblower-releases-more-evidence-highlighting-broken-doors ).

23.     Given the media coverage and his report directly to the Governor, Holland expected some action to address safety and security issues in Lewis prison.  That action never occurred.

24.     A few months later, in March 2020 COVID19 infections were beginning to spike among inmates and staff at the Lewis State Prison.

25.     Plaintiff Hasz asked superiors to issue personal protective equipment ("PPE") face masks for the staff.

26.     Superiors refused to release PPE for staff use.

27.     Plaintiff Hasz asked superiors if staff could wear their own PPE.

28.      Superiors refused, citing an order from ADCRR Director Shinn.

29.     Days later Shinn held a town hall meeting for staff at Lewis Prison.

30.     Plaintiff Hasz confronted Shinn over his order and asked why ADCRR was not issuing PPE to officers or at least allowing them to wear their own PPE.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9779

1    31.    Shinn confirmed that he had given the order barring ADCRR from providing

2  PPE to staff and barring staff from bringing their own PPE to work.

3    32.    Shinn told Hasz that PPE was forbidden because PPE would scare the inmates.

4    33.    Shinn's position was meritless.

5    34.    On March 26, 2020 Hasz sent a Whistleblowing Disclosure letter to the

6  Governor and ADC superiors in his chain of command to include defendant Kimble. (Attached

7  as Exhibit 2, is a true and correct copy of the Whistleblowing Disclosure)

8    35.    Hasz' Whistleblowing Disclosure was released to the media which aired a story

9  about  it.  https://www.abc15.com/news/local-news/investigations/arizona-whistleblower-

10 complaint-details-doc-director-barring-use-of-protective-masks

11    36.    Shortly after the story aired, Shinn reversed his position and allowed officers to

12 wear PPE.

13    37.    Holland then reported security failures at the Buckley Unit of Lewis Prison to

14 senior management.

15    38.    A few weeks later, in April 2020 ADCRR Deputy Director Hetmer, who works

16 in ADCRR's central office in Phoenix, circumvented the Lewis Prison warden and ordered

17 Hasz and Holland to be transferred to the Buckley Unit.

18    39.    In the following months both Hasz and Holland were subjected to retaliatory

19 acts by their supervisors.

20    40.    In July, Hasz and Holland had to deal with an incident where an inmate acted

21 out against a nurse.

22    41.    After interviewing the nurse, Hasz and Holland went to speak with the inmate.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

42.   They removed the inmate from his cell.

43.   The inmate began to resist and Hasz used minimal force to gain control of the inmate by taking him to the ground in accordance with standard ADC policies and procedures.

44.   The entire incident lasted 15 seconds and was video recorded.

45.   Neither the inmate nor Hasz was injured in any way.

46.   Holland wrote a report indicating that, in his opinion, the use of force was fully justified.

47.   The day after the use of force a supervisor told Hasz that he and Holland would face a criminal investigation, that Holland would be charged with a crime and that Hasz would receive an 80 hour unpaid suspension.

48.   The supervisor made these statements in spite of the fact that no investigation had even taken place and that the use of force was absolutely within ADC policy.

49.   Hasz and Holland believed that defendants were misusing the ADC investigative process to generate a false and fabricated criminal investigation against them which might result in meritless criminal charges.

50.   On July 24, 2020 Hasz and Holland wrote separate additional whistleblowing disclosures to Governor Ducey. (True and correct copies of the July 24, 2020 Whistleblowing Disclosures are attached at Exhibits 3 and 4)

51.   In their disclosures, they wrote that instead of addressing the extreme shortage of personnel and safety equipment, the administration was focusing on improper retaliation and reprisal against them.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

52.   Four days later, on July 28, 2020, ABC15 aired and published the story of plaintiffs' whistleblowing disclosures. (See https://www.abc15.com/news/local-news/investigations/lewis-prison-whistleblowers-allege-continued-retaliation ).

53.   Hours after the story aired defendant Kimble served Holland with a notice placing him on administrative Leave.

54.   Although Hasz was on FMLA leave, defendant Kimble mailed him a letter purporting to place him on administrative leave as well.

55.   Pursuant to Kimble's letters, Hasz and Holland were to remain at their homes from 8 am to 5pm and were not set foot on Lewis Prison grounds unless authorized to do so by superiors.

56.   While Hasz was on administrative leave, ADCRR started a criminal investigation of Hasz related to the take down of the inmate.

57.   ADCRR investigators also persuaded the involved inmate to agree to pursue criminal charges and advised that inmate to file a civil lawsuit against Hasz and Holland.

58.   Hasz gave an interview to ADCRR's investigator and described the incident, and how his actions were fully within ADCRR policy.

59.   Holland also gave an interview to ADCRR's investigator and described the incident, and how Hasz' actions were fully within ADCRR policy

60.   In October 2020, ADCRR prevailed upon the Maricopa County Attorney's Office ("MCAO") to charge Hasz with a single count of assault.

61.   Hasz criminal defense lawyer requested the video from MCAO.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

7

62.    ADCRR apparently understood that Hasz' conduct would not support a criminal charge, so ADCRR deliberately withheld the video recording of the incident from MCAO.

63.    In spite of the pending charge, Hasz remained on administrative leave.

64.    November 2020 the Arizona Department of Administration ("ADOA") hired the law firm of Cohen, Dowd & Quigley to investigate Hasz' and Holland's retaliation and reprisal claims.

65.    The law firm contacted counsel for Hasz and Holland to schedule their interview with Hasz and requested that Hasz provide any additional documents or materials supporting his claims.

66.    On November 20, 2020, days before Hasz and Holland could be interviewed by the law firm, defendant Kimble ordered Hasz and Holland to return to Lewis Prison for a meeting.  Kimble handed letters to Hasz and Holland indicating that they had been fired for no reason, they were simply advised that their services "were no longer needed."

67.    That same day ADCRR contacted Fox10 television station.  ADCRR provided Fox10 with the video of the incident and gave a statement that Hasz was dismissed because he allegedly used "excessive force" and was charged and that Holland was dismissed for failing to intervene in Hasz' use of force.

68.    ADCRR deliberately failed to tell the reporter that Hasz and Holland were whistleblowers who had already filed lawsuits against ADCRR under the whistleblowing statute challenging their placement on administrative leave.

69.    The criminal prosecution of Hasz is a pretext, created and caused by ADCRR to create a basis for the plaintiffs' termination.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

8

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

COUNT 1

Holland A.R.S. § 38-532 Retaliation Claim

Holland Against State of Arizona

70.     Plaintiff Holland re-alleges all prior paragraphs as if fully set forth below.

71.     Plaintiff Holland's December 2, 2019 and July 24, 2020 letters constituted disclosures on matters of public concern that he reasonably believed involved violations of law, mismanagement, and abuses of authority.

72.     Plaintiff Holland's December 2, 2019 and July 24, 2020 letters were properly addressed and delivered to a "public body" in compliance with A.R.S. § 38-531(5) and A.R.S. § 38-532(A)

73.     Plaintiff's December 2, 2019 and July 24, 2020 letters meet all the requirements of A.R.S. § 35-531(B)(1-4) and are proper and valid disclosures.

74.     Kimble was in senior leadership and his conduct and inaction was the target of plaintiff Holland's December 2, 2019 letter.

75.     Kimble was aware of the December 2, 2019 letter and received a copy of it from Plaintiff on or about the time it was sent to Governor Ducey.

76.     Kimble had been promoted to Warden when plaintiff sent his July 24, 2020 letter.  The actions of Kimble's administration were called into question by plaintiff in the July 24 2020 letter.

77.     Warden Kimble received copies of the July 24, 2020 letter or about the time it was sent to Governor Ducey.

78.     Warden Kimble was an employee who has control over personnel actions.

9

79.    Kimble's November 20 2020 letter terminating plaintiff Holland's employment is a "personnel action" within the meaning of A.R.S. § 38-531(4)(e).

80.    Kimble's termination of plaintiff Holland is a prohibited personnel practice taken against plaintiff in reprisal for his disclosures of December 2, 2019 and July 24, 2020 in violation of A.R.S. § 38-532.

81.    At all material times, Kimble's actions were within the course and scope of his employment with the State of Arizona and the defendant State of Arizona is responsible for his misconduct.

82.    As a result of defendants' conduct, plaintiff Holland has been damaged.

83.    As a former employee against whom a prohibited personnel practice was committed Holland is entitled to recover attorney fees, costs, back pay, general and special damages and full reinstatement.

**WHEREFORE,** Plaintiff Shaun Holland respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant State of Arizona as follows:

A.    For full reinstatement to his position at Lewis prison;

B.    For back pay and general and special damages in an amount to be proven at trial;

C.    For reasonable attorney fees and costs pursuant to A.R.S. § 38-532(D), and any additional relief this Court deems just and proper.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

COUNT 2

42 USC 1983 First Amendment Retaliation

Holland Against Kimble

84.     Plaintiff Holland re-alleges all prior paragraphs as if fully set forth below.

85.     Defendant Kimble is a person for the purposes of this 42 U.S.C. s 1983 claim.

86.     For the purposes of Count 2 defendant Kimble is sued in his individual capacity.

87.     For the purposes of Count 2 defendant Kimble acted under color of state law.

88.     Defendant Kimble terminated Holland in retaliation for Holland's exercise of his 1st Amendment rights.

89.     Holland engaged in speech and expressive conduct that addressed matters of public concern including bringing to public light the ADCRR's failure to correctly repair broken cell door locks in its prisons and supervisors retaliating against Hasz and Holland over prior whistleblowing disclosures.

90.     Holland's speech and conduct addressing matters of public concern included: advising his chain of command of ADCRR's failure to properly repair broken cell door locks; sending whistleblowing disclosure reports to the Arizona Governor and through his chain of command; and speaking out publicly in a press conference and interviews that were broadcast and published in local media.

91.     Holland spoke out and engaged in expressive conduct as a private citizen.

92.     Holland's speech on matters of public concern was a substantial or motivating factor in defendant Kimble's decision to terminate Holland's employment.

11

93.     Absent Holland's speech on matters of public concern, Kimble would not have taken the adverse action against Holland.

94.     Defendant Kimble acted with reckless and callous indifference to plaintiff's federally protected rights entitling plaintiff to punitive damages against Kimble.

**WHEREFORE**, Plaintiff Shaun Holland respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Kimble as follows:

A.      For full reinstatement to his position at Lewis prison;

B.      For back pay and general and special damages in an amount to be proven at trial;

C.      For punitive damages in an amount sufficient to deter Kimble from such conduct in the future;

D.      For reasonable attorney fees and costs pursuant to 42 USC § 1988, and any additional relief this Court deems just and proper.

## COUNT 3

### Hasz A.R.S. § 38-532 Retaliation Claim

### Hasz Against State of Arizona

95.     Plaintiff Hasz re-alleges all prior paragraphs as if fully set forth below.

96.     Plaintiff's March 26 2020 and July 24 2020 Whistleblowing Disclosure letters constituted disclosures on matters of public concern that he reasonably believed involved violations of law, mismanagement, and abuses of authority.

97.     Plaintiff's March 26 2020 and July 24 2020 Whistleblowing Disclosure letters were properly addressed and delivered to a "public body" in compliance with A.R.S. § 38-531(5) and A.R.S. § 38-532(A).

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

98.   Plaintiff's March 26, 2020 and July 24, 2020 letters met all the requirements of A.R.S. § 35-531(B)(1-4) and are proper and valid disclosures.

99.   Kimble received and was aware of both of Hasz' March 26 2020 and July 24 2020 Whistleblowing Disclosure letters.  The actions of ADCRR and Kimble's administration and were called into question by Hasz's disclosures.

100.   Defendant Kimble is an employee who has control over personnel actions.

101.   Kimble's termination of plaintiff Hasz is a prohibited personnel practice taken against plaintiff in reprisal for his disclosures of December 2 2019 and July 24 2020 in violation of A.R.S. § 38-532.

102.   At all material times, Kimble's actions were within the course and scope of his employment with the State of Arizona and the defendant State of Arizona is responsible for his misconduct.

103.   As a result of defendants' conduct, plaintiff Holland has been damaged.

104.   As a former employee against whom a prohibited personnel practice was committed Holland is entitled to recover attorney fees, costs, back pay, general and special damages and full reinstatement.

**WHEREFORE**, Plaintiff Mark Hasz respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant State of Arizona as follows:

A.   For full reinstatement to his position at Lewis prison;

B.   For back pay and general and special damages in an amount to be proven at trial;

C.   For reasonable attorney fees and costs pursuant to A.R.S. § 38-532(D), and any additional relief this Court deems just and proper.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

13

COUNT 4

42 USC § 1983 First Amendment Retaliation

Hasz Against Kimble

83.   Plaintiff Hasz re-alleges all prior paragraphs as if fully set forth below.

84.   Defendant Kimble is a person for the purposes of this 42 U.S.C. §1983 claim.

85.   For the purposes of Count 2 defendant Kimble is sued in his individual capacity.

86.   For the purposes of Count 2 defendant Kimble acted under color of state law.

87.   Defendant Kimble terminated Hasz in retaliation for Hasz's exercise of his 1st Amendment rights.

88.   Hasz engaged in speech and expressive conduct that addressed matters of public concern including bringing to public light the ADCRR's refusal to provide PPE masks to employees in the face of the COVID19 pandemic; ADCRR operating with a dangerous shortage of personnel and safety equipment and supervisors retaliating against Hasz and Holland over prior whistleblowing disclosures.

89.   Hasz's speech and conduct addressing matters of public concern included sending whistleblowing disclosure reports to the Arizona Governor and through his chain of command; and speaking out publicly in interviews that were broadcast and published in local media.

90.   Hasz spoke out and engaged in expressive conduct as a private citizen.

91.   Hasz's speech on matters of public concern was a substantial or motivating factor in defendant Kimble's decision to terminate Hasz's employment.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9779

14

92.    Absent Hasz' speech on matters of public concern, Kimble would not have taken the adverse action against Hasz.

93.    Defendant Kimble acted with reckless and callous indifference to plaintiff's federally protected rights entitling plaintiff to punitive damages against the Kimble.

WHEREFORE, Plaintiff Mark Hasz respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Kimble as follows:

A.    For full reinstatement to his position at Lewis prison;

B.    For back pay and general and special damages in an amount to be proven at trial;

C.    For punitive damages in an amount sufficient to deter Kimble from such conduct in the future;

D.    For reasonable attorney fees and costs pursuant to 42 USC § 1988, and any additional relief this Court deems just and proper.


Dated this 16th day of November 2021.

**BIHN & McDANIEL, P.L.C.**


/s/ Martin A. Bihn
_____
Martin A. Bihn

# EXHIBIT

# ONE

December 2, 2019

ARS § 38-352 WHISTLEBLOWING DISCLOSURE

VIOLATIONS AT ARIZONA DEPARTMENT OF CORRECTIONS

Governor Doug Ducey
1700 West Washington Street
Phoenix, Arizona 85007

Director David Shinn
Arizona Department of Corrections
1601 West Jefferson
Phoenix, AZ 85007

Dear Governor Ducey:

This letter is a whistleblowing disclosure pursuant to A.R.S. § 38-532 reporting what I believe to be matters of public concern that evidence violations of law, mismanagement, gross waste of monies or abuse of authority.

My name is Shaun Holland and I have been with ADC for approximately 14 years. I am currently the Associate Deputy Warden of the Bachman Unit at ASPC Lewis. I have been working in the Lewis complex for 11 of the last 14 years. I am a loyal and dedicated state employee and I am now compelled to come forward and report the Lewis Prison Administration's continued deliberate and intentional indifference to the safety of officers and inmates.

Earlier this year public disclosures forced the prison administration to close the Morey Unit at Lewis Prison. Right now, Morey Unit is undergoing complete repair of its doors. And I had hoped that prison administration would move forward with repairs to the failing cell doors in the Buckley Unit, Rast Close Custody, Stiner detention unit, and the Bachman detention unit. These doors are identical to those in Morey and are failing at an alarming rate.

Instead of identifying and repairing the doors, the prison administration is hiding the problems by "closing out" hundreds of repair orders without completing any repairs. Subordinates in my chain of command have been reporting broken and damaged cell doors. I have ensured that these reports are properly raised through the chain so that repairs can be made. I reviewed the documentation and discovered that many of the cells doors that we reported are now identified as "repaired" when no repairs ever occurred. I personally checked the records and confirmed by actually checking the cell doors myself. I raised these issues in my own chain of command, including the warden, several times with no action being taken to address the issue.

I have also observed employee work crews who were tasked with repairing doors. They go through the units, toy with broken doors, and then designate them as "repaired" in official ADC records. Again I have reviewed the work and the doors remain broken and present a significant danger to officers and inmates. I raised the failure to properly repair the doors with prison

administration and warned that the doors were not actually being repaired. Again, no action being taken to address the issue.

I have reported many of my concerns all the way up the chain of command, to the warden's superiors and even to the new director. I have not received any response. This letter is just the briefest outline of the horrendous safety issues. And I have documentation and video to support everything (see attached photos). I will gladly meet with you to explain all of the problems in detail and will work with anyone to fashion a solution.

Best regards,

Shaun Holland



Buckley Unit, November 27th, 2019.
Inmates have control of and are opening their own doors; no staff are present.



Buckley Unit, November 19th, 2019
20 minutes into formal count. Inmates are everywhere with their doors opened. Only 1 staff
member on the floor with zero control, zero security presence. Inmates have control of their own
doors.

# EXHIBIT

# TWO

July 23, 2020

## ARS § 38-352 WHISTLEBLOWING DISCLOSURE

## ABUSE OF AUTHORITY AT ARIZONA DEPARTMENT OF CORRECTIONS

Governor Doug Ducey
1700 West Washington Street
Phoenix, Arizona 85007

Director David Shinn
Arizona Department of Corrections
1601 West Jefferson
Phoenix, AZ 85007

Dear Governor Ducey:

This letter is a whistleblowing disclosure pursuant to A.R.S. § 38-532 reporting what I reasonably believe to be an abuse of authority, mismanagement and unethical behavior directed at me and Lt Mark Hasz by the Lewis Complex Administration, to include Warden James Kimble and the Deputy Warden of Buckley unit, Kimberly Johnson.

My name is Shaun Holland and I have been with ADC for approximately 14 years. I am currently the ADW at Buckley Unit at ASPC Lewis Complex. I am a loyal and dedicated state employee and I am now compelled to come forward and report once again the mismanagement and abuse of authority that is running rampant at Lewis Complex towards me since I last came forward as a whistleblower.

Nothing from my last A.R.S. § 38-532 disclosure has been addressed by this administration. The misconduct has in fact escalated. Staff and supervisors are trying to maintain the safety and integrity of prison operations in a system where we continue work under an extreme shortage of personnel and safety equipment and administration turns a blind eye to the fact that these conditions are in fact dangerous, as they are illegal.

As a result of my last Whistleblowing disclosure, management has subjected both Lt Hasz (also a whistleblower) and myself to heightened and unjustified scrutiny to include multiple 601 investigations. Lt Hasz and I have now been placed under another retaliatory and unjustified investigation. We are being singled out for an investigation concerning a lawful and justified use of force. DW Johnson also abused her authority by threatening us with criminal charges arising out of this same lawful use of force.

More concerning is the fact that ADC does not appear to have any interest in investigating and correcting issues that were brought forward by multiple whistleblowers over the past year. We are asking that all of these allegations be taken seriously by everyone involved because they involve the safety of the public, staff and the inmate population as well. Corrective action rather than retaliation should be the guiding principle of ADCRR.

Best regards,

Shaun Holland

7/24/2020

# EXHIBIT

# THREE

March 26, 2020

ARS § 38-352 WHISTLEBLOWING DISCLOSURE

VIOLATIONS AT ARIZONA DEPARTMENT OF CORRECTIONS

Governor Doug Ducey
1700 West Washington Street
Phoenix, Arizona 85007

Dr. Cara Christ
Arizona Department of Health Services
150 N 18th Ave
Phoenix, Arizona 85007

Dear Governor Ducey and Dr. Christ:

This letter is a whistleblowing disclosure pursuant to A.R.S. § 38-532 reporting what I believe to be matters of public concern that evidence mismanagement and/or abuse of authority. ADCRR and Director Shinn are mishandling the corona virus response and putting the health and lives of corrections officers, inmates and the public in unnecessary danger.

I am a Lieutenant with the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") assigned to ASPC Lewis. I am deeply concerned with ADCRR's response to the corona virus issue. Understand that while the rest of the country is engaged in social distancing, ADCRR employees, as part of their job, must come into close personal contact with hundreds of inmates on a daily basis. On a daily basis several thousand correctional officers come into close personal contact with approximately 40,000 inmates and then return to their homes. Because of the nature of prisons (no social distancing whatsoever!), once the corona virus enters the prison system, it will spread quickly, infecting inmates and staff throughout the State. Any staff infected at work in the prison will bring the virus back to their families and communities.

Staff are absolutely aware of these facts and have been requesting ADCRR to issue personal protective equipment ("PPE"). ADCRR has N95 masks in storage but has declined to issue those masks to staff. And given ADCRR's track record of ignoring officer safety (you will remember the years long denial of broken cell door locks), staff have no confidence that ADCRR takes their health and safety seriously.

Accordingly, many staff have decided to take their personal safety into their own hands. They have purchased their own masks, are bringing them to work and have attempted to wear them. Supervisors were told that corrections officers are not allowed to wear their own PPE and will not be issued any by ADCRR. This direction seemed so shortsighted and dangerous that I could not believe that it came from Director Shinn. But it did.

Page 2
March 26, 2020

    A few days ago Director Shinn held a town hall meeting at Lewis Prison to discuss corona virus issues.  After Director Shinn finished his presentation, I was the first to ask whether officers are permitted to wear their own PPE in the prison.  I was shocked at the response.  Director Shinn confirmed that he had given the order forbidding staff from bringing in wearing their own PPE.  Director Shinn had given the order because he believed that masked officers would scare the inmates.  This reasoning is ridiculous and Director Shinn's decision is putting the health of the staff, inmates and the general public at increased risk.

    I am also addressing this letter to Dr. Christ, who, as the State official leading the corona virus response efforts, is in the best position to explain to the public and ADCRR why PPE for corrections officers is public health and safety issue.

Best regards,

**Lt. Mark Hasz**

# EXHIBIT

# FOUR

July 23, 2020

ARS § 38-352 WHISTLEBLOWING DISCLOSURE

ABUSE OF AUTHORITY AT ARIZONA DEPARTMENT OF CORRECTIONS

Governor Doug Ducey
1700 West Washington Street
Phoenix, Arizona 85007

Director David Shinn
Arizona Department of Corrections
1601 West Jefferson
Phoenix, AZ 85007

Dear Governor Ducey:

This letter is a whistleblowing disclosure pursuant to A.R.S. § 38-532 reporting what I reasonably believe to be an abuse of authority, mismanagement and unethical behavior directed at me and ADW Holland by the Lewis Complex Administration, to include Warden James Kimble and the Deputy Warden of Buckley unit, Kimberly Johnson.

My name is Mark Hasz and I have been with ADC for approximately 14 years. I am currently a Lieutenant at Buckley Unit at ASPC Lewis Complex.  I am a loyal and dedicated state employee and I am now compelled to come forward and report once again the mismanagement and  abuse of authority that is running rampant at Lewis Complex towards my person since I last came forward as a whistleblower.

Nothing from my last A.R.S. § 38-532 disclosure has been addressed by this administration. The misconduct has in fact escalated. Staff and supervisors are trying to maintain the safety and integrity of prison operations in a system where we continue work under an extreme shortage of personnel and safety equipment and administration turns a blind eye to the fact that these conditions are in fact dangerous, as they are illegal.

As a result of my last Whistleblowing disclosure, management has subjected both ADW Holland (also a whistleblower) and myself to heightened and unjustified scrutiny to include multiple 601 investigations. ADW Holland and I have now been placed under another retaliatory and unjustified investigation.  We are being singled out for an investigation concerning a lawful and justified use of force.  DW Johnson also abused her authority by threatening us with criminal charges arising out of this same lawful use of force.

More concerning is the fact that ADC does not appear to have any interest in investigating and correcting issues that were brought forward by multiple whistleblowers over the past year. We are asking that all of these allegations be taken seriously by everyone involved because they involve the safety of the public, staff and the inmate population as well. Corrective action rather than retaliation should be the guiding principle of ADCRR.

Best regards,

Mark Hasz

*Mark Hasz*

7-24-2020